LUCIUS STEBBINS, and LUTHER L. STEBBINS, Plaintiffs in Error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, Defendants in Error.

### ERROR TO ADAMS.

Upon a change of venue in a criminal case, the court granting the order may take a recognizance from the defendant to appear in the court to which the venue has been changed.

A default and order of forfeiture was taken upon recognizance against the defendant and his surety, judgment was then taken upon the default against the defendant, and a *sci. fa.* issued against the surety alone. Upon the return of the *sci. fa.*, judgment was taken against both cognizors; and the judgment was reversed because the *sci. fa.* was issued against the wrong party.

LUCIUS STEBBINS, one of the plaintiffs in error, was indicted

in Pike county, and upon his petition the Circuit Court of Pike county granted a change of venue to Adams county, and took the recognizance of the plaintiffs in error for the prisoner's appearance in the Circuit Court of Adams county.

The Adams Circuit Court entered a default and order of forfeiture on the recognizance as to both, and a judgment was taken against Lucius Stebbins. Subsequently a *scire facias* was issued for and served upon Luther L. Stebbins, and at the March term of the Circuit Court of Adams county, SIBLEY, Judge, presiding, judgment was given upon the *scire facias* against both Lucius Stebbins and Luther L. Stebbins.

W. A. GRIMSHAW, and J. GRIMSHAW, for Plaintiffs in Error.

J. B. WHITE, for Defendants in Error.

BREESE, J.   The principal question on the record is, as to the power of the Circuit Court of Pike county in a criminal case, to take a recognizance of the defendant, to appear in the Circuit Court of Adams county on a change of venue applied for by, and awarded to, the defendant.

It is admitted there is no such power expressly given by statute. We think the power exists independent of any statute, and is an inherent power in the Circuit Court, as in the Court of Queen's Bench, and has always been exercised by those courts since the first organization of the State governments. There can be no doubt, the Circuit Court of Pike county, on a change of venue being awarded, could have committed the prisoner for safe keeping. Requiring him to enter into a recognizance is nothing more, and not so harsh a proceeding, and follows as a necessary consequence upon, or as an adjunct of, the power to commit.

The judgment, however, must be reversed, and the cause remanded, for the reason that the *scire facias* was awarded against the wrong party. The forfeiture was well taken, and will stand, but the *scire facias* and the proceedings under that, must be set aside for irregularity. Another *scire facias* can issue, directed to the proper parties.

*Judgment reversed.*